UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL S. ALLEN, as Parent and Legal Guardian of WYATT L. ALLEN, a minor,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant(s). | Case No. 2:14-CV-1905 JCM (PAL)<br><br>ORDER |

Presently before the court is defendants State Farm, et al.'s motion to dismiss. (Doc. # 7). Plaintiff Michael S. Allen, as parent and legal guardian of Wyatt L. Allen, a minor, filed a response (doc. # 11), and defendants filed a reply (doc. # 12).

**I.  Background**

This matter involves insurance claims arising from an automobile collision. (Doc. # 11 at 7). On or about May 9, 2013, plaintiff and his son were involved in a motor vehicle accident. (Doc. # 11 at 7). Plaintiff was driving and his son was riding as a passenger. (Doc. # 11 at 8). Plaintiff alleges that the accident occurred because of the negligence of an adverse driver. (Doc. # 11 at 8). Plaintiff further alleges that his son suffered serious bodily injuries and damages. (Doc. # 11 at 8).

Plaintiff alleges that, prior to the May 9, 2013, accident he purchased a $100,000 uninsured/underinsured motorist policy from State Farm. (Doc. # 11 at 9). The policy covered plaintiff and plaintiff's relatives who resided with him at the time of the collision, including plaintiff's son. (Doc. # 11 at 9).

**James C. Mahan**
**U.S. District Judge**

On or about August 9, 2013, plaintiff made a demand on State Farm for the amount of the policy limits. (Doc. # 11 at 9). Plaintiff alleges that State Farm "refused to properly evaluate [his] demand, ignoring much of his pain and suffering, injuries, and damages, and has not made any reasonable offers to settle his claims." (Doc. # 11 at 9).

Plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada on September 9, 2014, alleging breach of contract, breach of good faith and fair dealing – bad faith, and violations of the Unfair Claims and Practices Act. (Doc. # 11 at 9-11). Plaintiffs also seek punitive damages. (Doc. # 11 at 11).

Defendants removed the action to federal court on November 14, 2014. (Doc. # 1). Defendants now move the court to dismiss plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, move for a more definite statement under Federal Rule of Civil Procedure 12(e).

**II.   Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint. *Id.* at 1950. However, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is

**James C. Mahan**
**U.S. District Judge**

- 2 -

facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

Plaintiff asserts three causes of action: breach of contract, breach of covenant of good faith and fair dealing – bad faith; and violations of the Unfair Claims Practices Act. State Farm asserts that each of plaintiff's claims are insufficiently pled. (Doc. # 7 at 1). Plaintiff responds that he does not have to "lay out every detail of his case within the Complaint" and that "further detail is not required." (Doc. # 11 at 1-2).

*A. Breach of Contract*

To succeed on a breach of contract claim, the plaintiff must demonstrate: (1) formation of a valid contract; (2) breach by the defendant; and (3) damages resulting from the breach. *First Nat. Bank of Ely v. Progressive Cas. Ins. Co.*, No. 3:11-cv-00859-RCJ, 2012 WL 5944847, at *3 (D. Nev. Nov. 27, 2012) (citing *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Richardson v. Jones,* 1 Nev. 405, 405 (1865)).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Plaintiff alleges in his complaint that he had a valid uninsured/underinsured motorist policy with State Farm for $100,000 at the time of the accident. (Doc. # 11 at 9). The policy allegedly covered both plaintiff and plaintiff's son who was a passenger in the car at the time of the accident. (Doc. # 11 at 8). Plaintiff alleges that he made demand on State Farm following the accident and that State Farm failed to pay plaintiff what he was due under the contract. While attenuated, the court finds that plaintiff has alleged enough to state a claim for breach of contract. Accordingly, plaintiff's breach of contract claim may proceed.

*B. Breach of the Covenant of Good Faith and Fair Dealing – Bad Faith*

A violation of the covenant of good faith and fair dealing in the insurance context gives rise to a bad-faith tort claim. *McKinnon v. Hartford Ins. Co. of the Midwest*, No. 2:12-cv-1809-RCJ-CWH, 2013 WL 1088702, at *6 (D. Nev. Mar. 14, 2013) (citing *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009)).

To assert a claim for bad faith, a plaintiff must show: (1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or reckless disregard of the lack of a reasonable basis for its claim denial. *Sandoval v. Hartford Underwriters Ins. Co.*, No. 2:10-CV-1799 JCM PAL, 2011 WL 586414, at *2 (D. Nev. Feb. 9, 2011) (citing *Pioneer Chlor Alkali Co. V. Nat'l Union Fire Ins. Co.,* 863 F. Supp. 1237, 1247 (D. Nev. 1994)). Bad faith is "the absence of a reasonable basis for denying benefits . . . and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Id.* (citing *United States Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070 (Nev. 1975)).

Plaintiff alleges only that defendant "failed to deal fairly and in good faith with Plaintiff by denying, without proper cause, his underinsured/uninsured motorist benefits due under the insurance policy," The complaint does not allege why there was no reasonable basis or proper cause to deny her claim. (*See* doc. # 11 at 6-12). The court finds that, as pled, plaintiff fails to state a claim for bad faith. *See, e.g.*, *McKinnon v. Hartford Ins. Co. of the Midwest*, No. 2:12-cv-1809-RCJ-CWH, 2013 WL 1088702, at *6 (D. Nev. Mar. 14, 2013). Accordingly, plaintiff's bad faith claim will be dismissed.

**James C. Mahan**
**U.S. District Judge**

- 4 -

*C.  Violations of the Unfair Claims Practices Act*

The Nevada Unfair Claims Practices Act, NRS § 686A.310, deals with unfair practices in settling claims and liability, if any, of the insurer for damages.  This statute designates certain insurance company activities as unfair practices and allows for a private right of action by an insured against the insurer for a violation of the statute.  *See Hart v. Prudential Prop. & Cas. Ins. Co.,* 848 F. Supp. 900, 903 (D. Nev. 1994). "The provisions of NRS 686A.310 address the manner in which an insurer handles an insured's claim [even if] the claim is denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).

State Farm asserts that plaintiff makes no allegations to support a violation of Nevada Revised Statutes ("NRS") § 686A.310, Nevada's Unfair Claims Practices Act.  (Doc. # 7 at 9). State Farm asserts that plaintiff fails to refer to a specific subsection of NRS § 686.310 and fails to allege any facts in support of even a single violation of NRS § 686A.310.  (Doc. # 7 at 9).

Plaintiff argues that he has pled sufficient facts to show violations of the Unfair Claims Practices Act. (Doc. # 11 at 3).  Plaintiff asserts that he set forth the fact that State Farm violated the act, how defendant violated the act, and that defendant was injured as a result of the violations. (Doc. # 11 at 3).  Plaintiff asserts that anything more would be evidentiary in nature and reserved for discovery.  (Doc. # 11 at 3).

Plaintiff's complaint alleges only that State Farm "denied plaintiff's benefits with a conscious disregard for the rights of the Plaintiff that rises to the level of oppression, fraud or malice, and subjected Plaintiff to cruel and unjust hardship." (Doc. # 11 at 11).  Plaintiff does not include any facts to support his assertion of the statute violation.

Filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 S. Ct at 1950.  Therefore, plaintiff does not meet his burden under Federal Rule of Civil Procedure 12(b)(6).  *Farring v. Hartford Fire Ins. Co.*, No. 2:12-cv-479-JCM-PAL, 2012 WL 2498903, at *4 (D. Nev. June 27, 2012); *see also Winkler v. Hartford Fin. Servs. Grp. Inc.*, 2011 WL 1705559 (D. Nev. 2011) (dismissing claim where plaintiffs "do not allege any facts supporting claim under Nevada's Unfair Claims Practices Act

**James C. Mahan**
**U.S. District Judge**

and do not even specify which portion of the act they allege Defendant violated."). Accordingly, plaintiff's claim for a violation of NRS § 686A.310 will be dismissed.

*D. Plaintiff's request for punitive damages*

A defendant's conduct must be oppressive, fraudulent, or malicious in order for punitive damages to be assessed. NRS § 42.005. Punitive damages are improper when a defendant can only be held liable for breach of contract. *Insurance Co. of the West v. Gibson Tile Co., Inc.,* 122 Nev. 455, 458 (2006); *Sandoval*, 2011 WL 2790173, at *2. Here, the only claim surviving the motion to dismiss is the breach of contract claim. Therefore, the most defendant can be held liable for is breach of contract. Accordingly, punitive damages would be improper and plaintiff's request for punitive damages is dismissed.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants State Farm, et al.'s motion to dismiss (doc. # 7) be, and the same hereby is, GRANTED in part, DENIED in part.

IT IS FURTHER ORDERED that plaintiff's claims for breach of the covenant of good faith and fair dealing – bad faith, and violations of the Unfair Claims Practices Act are DISMISSED. Plaintiff's breach of contract claim may proceed.

DATED March 16, 2015.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**